UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMERCIAL COIN LAUNDRY ) <br> SYSTEMS., an Illinois general partnership, ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v.   ) <br> ) <br> PARK P, LLC, an Indiana limited liability ) <br> Company, d/b/a Park P Place Apartments, ) <br> ) <br> **Defendant.** ) | No.  08CV1853 <br> Judge Dow <br> Magistrate Judge Denlow |

**DEFENDANT PARK P, LLC's MOTION TO DISMISS FOR IMPROPER VENUE, TO DISMISS FOR PERSONAL JURISDICTION UNDER RULE 12(B) AND, ALTERNATIVELY, TO TRANSFER VENUE**

Defendant Park P, LLC (Defendant) moves this Court to dismiss the action for lack of personal jurisdiction and/or improper venue under Rule 12(b) or, in the alternative, to transfer venue to the U.S. District Court for the Southern District of Indiana.  In support of its motion, Defendant states as follows:

1. Defendant is an Indiana Limited Liability Company registered in and authorized to do business in the State of Indiana.  Defendant owns and operates a residential apartment building in Kokomo, Indiana.  *See Exhibit A,* Business Registration Document.

2. Defendant does not conduct any business in Illinois.  It does not employ any personnel in the State of Illinois, nor does it maintain any offices or possess any holdings in the State of Illinois.  *See Exhibit B,* Affidavit of Gabriel Naranjo.

3. Defendant does not derive any income from Illinois.  *Id.*

4. The owner of Park P, LLC, Gabriel Naranjo, resides in New Jersey.  *Id.*

5. Plaintiff Commercial Coin Laundry Systems (hereinafter Plaintiff) is an Illinois entity based in Chicago, Illinois.

6. On or about April 28, 2005, Defendant was a bonafide purchaser for value of real estate located in Howard County, Indiana commonly known as 1901 S. Park Road, Kokomo, Indiana.

7. At the time of its purchase of the property referenced in ¶ 4, Plaintiff had executed a lease with the prior owner of the property, Cliff LeCleir, agent for Home Apartment

1

Development (hereinafter "HAD") to enable it, *inter alia,* to install laundry equipment on the property and collect monies therefrom.

   8.    Defendant never executed a new lease with Plaintiff, but demanded that Plaintiff remove its property from its premises.  Plaintiff refused, claiming rights under the lease negotiated with HAD.

   9.    Defendant never traveled to Illinois to conduct business proposals, to negotiate or to transact any business with the Plaintiff.  It does not solicit business in any respect from the State of Illinois.  *Id.*

   10.    On February 26, 2008, Plaintiff filed suit against the Defendant for breach of contract in Cook County Circuit Court, Chicago, Illinois.  *See Exhibit C,* Complaint.

   11.    Similarly, on February 26, 2008, Defendant filed suit against the Plaintiff to quiet title and declaratory judgment in the Howard Superior Court in Howard County, Indiana.  *See Exhibit D,* Complaint.

   12.    On March 31, 2008, Defendant removed the action referenced in ¶ 10 against it to the Northern District of Illinois.

   13.    On April 30, 2008, Defendant filed suit against the Plaintiff in the United States District Court for the Southern District of Indiana.  *See Exhibit E,* federal complaint.

   14.    Prior to filing a pleading in response to a complaint, Rule 12(b) of the Federal Rules of Civil Procedure provides that a defendant may plead by motion lack of jurisdiction over the person, improper venue and insufficiency of process. Fed. Rule. Civ. Pro. 12(b)(2)(3) and (4).

   15.    This Court has jurisdiction over this claim because of diversity jurisdiction.  A federal district court sitting in diversity has personal jurisdiction of a claim only if a court of the state in which it sits would have jurisdiction over the action.  *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1275 (7th Cir. 1997).

   16.    In order to determine whether jurisdiction exists, three sources of law must be examined:  state statutory law, state constitutional law, and federal constitutional law.  *Id.* at 1276.  Under Illinois statutory law, personal jurisdiction is allowed to the extent permitted by the due process clauses of the federal and state constitutions. 735 ILCS 5/2-209(c).  Therefore, a court must take into consideration both federal and Illinois due process to determine whether jurisdiction is proper.  If jurisdiction is improper under either federal or state due process, this court cannot exercise jurisdiction over the Defendant.  *Glass v. Kemper Corporation,* 930 F. Supp. 332, 338 (N.D. Ill. 1996).

   17.    Allowing this case to proceed in Illinois against Defendant violates federal due process.  To determine whether the requirements for personal jurisdiction are satisfied under the due process clause of the Fourteenth Amendment, the court must consider whether the Defendant

has certain minimum contacts with Illinois such that the maintenance of this lawsuit in Illinois does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

18.     Depending on their nature and frequency, a defendant's contacts with the state can give rise to two types of personal jurisdiction: general and specific. *Beveridge v. Mid-West Management, Inc.,* 78 F. Supp. 2d 739, 743 (N.D. Ill. 1999). General jurisdiction relates to a defendant which has "continuous and systematic general business contacts" with the forum. *RAR,* 107 F.3d at 1277. In this case, Defendant does not have the sort of general and continuous business relationship sufficient to subject itself to general jurisdiction in Illinois. Consequently, Defendant has not engaged in actions which would submit it to the general jurisdiction of this Court.

19.     Specific jurisdiction refers to jurisdiction over a defendant in a lawsuit arising from or related to the defendant's contacts with the forum. *RAR,* 107 F.3d at 1277. In deciding whether specific jurisdiction applies, the court must decide whether a defendant has purposefully established minimum contacts with Illinois and considered whether, by traditional standards, those contacts make a finding of personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77, 105 S. Ct. 2174, 2184-85, 85 L. Ed. 2d 528 (1985). The court must analyze whether the defendant has "purposefully availed itself of the privilege of conducting activities" there. *Id.* at 474-75, 105 S. Ct. at 2183. Since Defendant is not formed in Illinois, does not maintain an office in Illinois, has not solicited business in Illinois, and does not conduct business in Illinois, Defendant cannot be said to have taken any purposeful steps to conduct activities in Illinois.

20.     Finally, in order for the court to enter a finding of specific jurisdiction, the lawsuit must "arise out of" or "be related to" the minimum contacts with the forum state. *Beveridge v. Mid-West Management, Inc.,* 78 F. Supp. 2d 739, 743 (N.D. Ill. 1999). Defendant had no expectation of being sued in Illinois relating to its relationship with Plaintiff because it had nothing to do with the lease negotiated between Plaintiff and HAD, but was at most a successor in interest to the contract executed between Plaintiff and HAD. None of the allegations that support the elements of Plaintiff's complaint relate to actions taken by Defendant in Illinois.

21.     Allowing this case to proceed against Defendant in Illinois violates Illinois due process. S.H.A. Const. Art. 1, § 2. Under the Illinois constitution, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois. *Glass v. Kemper Corp.,* 930 F. Supp. 332, 340. As stated in the facts above, to require Defendant to litigate this complaint in Illinois is not fair, just or reasonable.

22.     In addition to not having personal jurisdiction, Illinois is not the proper venue for this action and the case should be dismissed. Where jurisdiction is not solely founded upon diversity, venue is proper in one of three places: (1) in a district where a defendant resides, if all defendants live in the same state; (2) in a district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) in a district where any defendant may be

found, if there is no district where the action may otherwise be brought. *28 U.S.C. § 1391(a); Beveridge v. Mid-West Management, Inc.,* 78 F. Supp. 2d at 745-46. Under this analysis, the only proper district to litigate against the Defendant would be in Indiana, because the Defendant resides in Indiana, and because all of the events and/or omissions involved in this case occurred in Indiana.

23. District courts have a substantial amount of discretion in determining venue in that they may focus on fairness and convenience of the parties as opposed to constitutional considerations. *Id.* at 746. Again, when reviewing the facts of this complaint, it is clear that there is no nexus between the state of Illinois and this litigation.

24. In the alternative, this case should be heard in the U.S. District Court for the Southern District of Indiana. A transfer of venue is proper when (1) venue is proper in the transferor court, (2) venue is proper in the transferee court, and (3) the transfer is "for the convenience of the parties and the witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Countryman v. Stein Roe & Farnham,* 681 F. Supp. 479, 481 (N.D. Ill. 1987). Indiana is the more convenient venue for this litigation as all of Defendant's witnesses are located in Indiana. The laundry machines in question, the primary evidence in this case, are located in Indiana. Furthermore, the Plaintiff already has a pending action against the Defendant in the Southern District Court. *See Exhibit C,* Park P, LLC v. Crown Coin Meter Company/Commercial Coin Laundry Systems/American Coin Laundry and Cliff LeCleir, Individually and as Agent for Home Apartment Development, case number 1:08-cv-0565-LJM-TAB. It is not an efficient use of the court system to have two different district courts hearing the same matter, between the same parties. *Vandeveld v. Christoph,* 877 F. Supp. 1160, 1169 (N.D. Ill. 1995) (holding that the interest of justice under § 1404(a) involves "the efficient administration of the court system, rather than the private considerations of the litigants.) As Plaintiff engaged in the soliciting of business in Indiana, as Plaintiff had its laundry machines installed in Indiana, as Plaintiff derives income from its business in Indiana, while Defendant never had any Illinois connections, it is more just for an Indiana court to hear this matter.

By virtue of the foregoing, Defendant prays that this Court dismiss the action for improper venue and lack of personal jurisdiction under Rule 12(b) or, in the alternative, to transfer venue to the U.S. District Court of the Southern District of Indiana.

Respectfully Submitted,

_____
By: /s/ Dayna Wheatley

Dayna Wheatley, LLC
201 W. Washington St.
West Chicago, IL  60185
Telephone:  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

*Name Searched On:*
**PARK P, LLC (Legal)**

### Current Information

*Entity Legal Name:*
**PARK P, LLC**

*Entity Address:*
**1025 BLOOMFIELD AVE, 2-A, WEST CALDWELL, NJ 07006**

**General Entity Information:**

Control Number: **2005042900199**
Status: **Active**
Entity Type: **Domestic Limited Liability Company (LLC)**

Entity Creation Date: **4/28/2005**
Entity Date to Expire:
Entity Inactive Date:

**This entity is current with Business Entity Report(s).**

**There are no other names on file for this Entity.**

**Additional Services Available:**

| | |
|---|---|
| GO | **View additional information for the entity**, including **transaction history, merger information, registered agent, principals and corporate report information (years paid and years due)**. There is a fee of $1.00 for *accessIndiana* subscribers and a fee of $2.04 for credit card users for this additional information. NOTE: Amendments filed prior to 1987 DO NOT appear in the transaction history. |
| GO | **Generate an official Certificate of Existence/Authorization.** There is a total fee of $20.00 for *accessIndiana* subscribers and a fee of $21.42 for credit card users. Example Certificate. Please note that when an entity has a past due business entity report, the Certificate of Existence will indicate that the entity is not current. An entity is current if no reports are past due. |
| GO | **Place orders for copies of Business Entity documents** with the Secretary of State's Business Services Division. There is no fee to place an order; however, you will be billed for any statutory fees associated with your order. View fee schedule View turn around time |

(NEW SEARCH)

If you encounter technical difficulties while using these services, please contact the *accessIndiana* Webmaster.
If you are unable to find the information you need through the resources provided on this web site, please contact Secretary of State Todd Rokita's Business Services Division at 317-232-6576.

« Back to the SOS Web site


EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

COMMERCIAL COIN LAUNDRY SYSTEMS, )
An Illinois general partnership, )
)
              Plaintiff, )
)
v. )   No. 2008 L 002126
)
PARK P, LLC, an Indiana Limited Liability )
Company, d/b/a Park Place Apartments, )
)
              Defendant. )

### AFFIDAVIT OF GABRIEL NARANJO
### IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Gabriel Naranjo, do hereby certify:

1. I am the President of Park P, LLC (hereinafter "PARK P").

2. My office for PARK P is located at 1025 Bloomfield Ave, 2-A, West Caldwell, New Jersey. I also reside within the State of New Jersey.

3. PARK P was formed for the purpose of maintaining an apartment residential community in Kokomo, Indiana. Everyone who works for the company either resides in Indiana or New Jersey. It is not necessary for PARK P nor any of its agents to commute to Illinois for any business purpose.

4. Kokomo, Indiana is approximately two hours and 100 miles from the Illinois border.

5. PARK P is not a corporation organized under the laws of Illinois.

6. PARK P is not a registered foreign corporation in the State of Illinois. It is only registered in the state of Indiana.

7. PARK P does not maintain any office in the state of Illinois.

8. Neither PARK P nor any of its agents have solicited business from any individual or business in the State of Illinois.

9. PARK P does not conduct any other business in the State of Illinois.

10. Neither PARK P nor any of its agents have ever traveled to Illinois to conduct any business proposals, negotiations or transactions with Commercial Coin Laundry Systems or for any other business relationship within the State of Illinois.

11. Neither PARK P nor any of its agents participated in the negotiating, executing or performing of the original contract between the Plaintiff and Cliff LeClair, agent for Home Apartment

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF INDIANA

PARK P, LLC, an Indiana Limited )
Liability Company, Plaintiff; )
vs. )
CROWN COIN METER )
COMPANY/COMMERCIAL COIN )
LAUNDRY SYSTEMS/AMERICAN )
COIN LAUNDRY and CLIFF )
LeCLEIR, Individually and as Agent for )
HOME APARTMENT )
DEVELOPMENT, Defendants. )

1 : 08-cv-0565-LJM-TAB

**Plaintiff's Complaint**
**Count #1 Complaint to Quiet Title**

Plaintiff alleges for its claim for relief against CROWN COIN METER COMPANY/COMMERCIAL COIN LAUNDRY SYSTEMS/AMERICAN COIN LAUNDRY as follows:

**Jurisdiction and Venue**

1. PARK P, LLC, is an Indiana Limited Liability Company authorized to do business in the State of Indiana.

2. CROWN COIN METER COMPANY/COMMERCIAL COIN LAUNDRY SYSTEMS/AMERICAN COIN LAUNDRY hereinafter, "Commercial Coin" is an Illinois based business entity with an unknown business charter whose last known address was 3750 North Cicero Avenue, Chicago, IL 60641.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Federal jurisdiction extends to cases in which there is a **diversity** of citizenship between the plaintiffs and the defendants. See **28 U.S.C. § 1332**.

5. The a genuine controversy exists between the parties concerning.

6. Venue is proper in the United States Southern District of the State of Indiana CROWN COIN METER COMPANY/COMMERCIAL COIN LAUNDRY SYSTEMS/AMERICAN COIN LAUNDRY hereinafter, "Commercial Coin"

Dan J. May
Attorney at Law
431 E. Lincoln Rd.
P.O. Box 2432
Kokomo, IN 46904
Tel:(765)455-0005
Fax:(765)455-0006
Indiana Bar # 9102-34



1

does business in Howard County, Indiana, the real estate in controversy lies in Howard County, Indiana and Commercial Coin does business in this judicial district and is, therefore, subject to personal jurisdiction in this judicial district pursuant to **28 U.S.C. § 1391, 1391(a)(3)**. *Consolidated Insurance Co. V. Vanderwoude*, 876 F.Supp. 198, (N.D. Ind. 1995).

### Operative Facts Supporting Declaratory Relief

7. On or about April 28, 2005 the Plaintiff Park P, LLC was a bonafide purchaser for value of real estate in Howard County, Indiana commonly known as 1901 S. Park Road, Kokomo, Indiana which is more particularly described in Exhibit #1 attached hereto which is attached hereto and is made reference to as if set forth here, verbatim.

8. Commercial Coin claims an interest in the real estate by reason of a lease dated February 24, 2000 by and between, COMMERCIAL COIN LAUNDRY SYSTEMS and HOME APARTMENT DEVELOPMENT, an unknown business entity, a copy of which described in Exhibit #2 which is attached hereto and is made reference to as

9. I.C. 32-31-2-1 was in full force and effect at the time of this transaction and provided that:

   "Not more than forty-five (45) days after its execution, a lease of real estate for a period longer than three (3) years shall be recorded in the Miscellaneous Record in the recorder's office of the county in which the real estate is located."

10. Said lease, has never been recorded in Howard County, Indiana, and said lease, having not been recorded as provided by Indiana law, is void and of no effect as against PARK P, LLC, an Indiana Limited Liability Company, a bona fide purchaser for value of said real estate.

11. CLIFF LeCLEIR, Individually and as Agent for HOME APARTMENT DEVELOPMENT are joined to this action to answer as to any interest they have in the lease and the real estate.

Dan J. May
Attorney at Law
431 E. Lincoln Rd.
P.O. Box 2432
Kokomo, IN 46904
Tel:(765)455-0005
Fax:(765)455-0006
Indiana Bar # 9102-34

12. A controversy has arisen between the parties which gives standing to the Plaintiff to have a declaratory judgment pursuant to I.C. 34-14-1-1 to declare the rights to the real estate and personalty located here in Howard County, Indiana.

WHEREFORE, PARK P, LLC, an Indiana Limited Liability Company, prays that the Court:

A. Enter an order and judgment quieting the title to the real estate described in Exhibit #1;

B. Enter an order and judgment declaring as void said purported lease attached as Exhibit #2 finding said lease to have no legal effect as against PARK P, LLC, an Indiana Limited Liability Company, a bona fide purchaser for value of said real estate.

C. The costs of this action and all other necessary and proper relief in the premises.

Dated: April 27, 2008

_____
Dan J. May, Attorney for the Plaintiff

**Count #2 Complaint For Possession of Property/ Complaint to Cancel Lease/Complaint for Declaratory Judgment to Declare Lease Void**

Plaintiff alleges for its claim for relief against CROWN COIN METER COMPANY/COMMERCIAL COIN LAUNDRY SYSTEMS/AMERICAN COIN LAUNDRY and CLIFF LeCLEIR, Individually and as Agent for HOME APARTMENT DEVELOPMENT as follows:

13. PARK P, LLC, is an Indiana Limited Liability Company authorized to do business in the State of Indiana.

14. CROWN COIN METER COMPANY/COMMERCIAL COIN LAUNDRY SYSTEMS/AMERICAN COIN LAUNDRY hereinafter, "Commercial Coin" is

Dan J. May
Attorney at Law
431 E. Lincoln Rd.
P.O. Box 2432
Kokomo, IN 46904
Tel:(765)455-0005
Fax:(765)455-0006
Indiana Bar # 9102-34

3

an Illinois based business entity with an unknown business charter whose last known address was 3750 North Cicero Avenue, Chicago, IL 60641.

15. On or about April 28, 2005 the Plaintiff Park P, LLC was a bonafide purchaser for value of real estate in Howard County, Indiana commonly known as 1901 S. Park Road, Kokomo, Indiana which is more particularly described in Exhibit #1 attached hereto which is attached hereto and is made reference to as if set forth here, verbatim.

16. After taking possession, Plaintiff requested that "Commercial Coin" remove its personal property, the coin operated washing machines, from the real estate.

17. "Commercial Coin" refused claiming rights under a lease with CLIFF LeCLEIR, as Agent for HOME APARTMENT DEVELOPMENT.

18. "Commercial Coin" demanded that Plaintiff execute a new lease.

19. Plaintiff refused to execute a new lease.

20. "Commercial Coin" has refused to remove their coin operated machines, has been collecting revenues for same, but has refused to account for the revenues for same, and has refused to pay any sums whatsoever to the Plaintiff for their use of Plaintiff's real estate and premises.

21. Said lease with HOME APARTMENT DEVELOPMENT is void as to Plaintiff for want of consideration, is void and/or cancelled for the failure and refusal of "Commercial Coin" to pay any of the sums due and owing for the rights to have their coin operated machines on Plaintiff's premises.

22. The actions of "Commercial Coin" by failing to remove its property from the real estate owned by the Plaintiffs constitute a continuing trespass upon the Plaintiff's real estate entitling the Plaintiff to damages.

23. CLIFF LeCLEIR, Individually and as Agent for HOME APARTMENT DEVELOPMENT are joined to this action to answer as to any interest they have in the lease and the real estate.

Dan J. May
Attorney at Law
431 E. Lincoln Rd.
P.O. Box 2432
Kokomo, IN 46904
Tel:(765)455-0005
Fax:(765)455-0006
Indiana Bar # 9102-34

24. A controversy has arisen between the parties which gives standing to the Plaintiff to have a declaratory judgment pursuant to I.C. 34-14-1-1 to declare the rights to the real estate and personalty located here in Howard County, Indiana.

WHEREFORE, PARK P, LLC, an Indiana Limited Liability Company, prays that the Court:

A. Enter an order and judgment declaring that said purported lease is void for want of consideration, and/or is void and/or cancelled for the failure and refusal of "Commercial Coin" to pay any of the sums due and owing for the rights to have their coin operated machines on Plaintiff's premises.

B. Enter an order and judgment requiring "Commercial Coin" to remove its machines and/or personal property from the real estate owned by the Plaintiffs.

C. Enter an order and judgment requiring "Commercial Coin" to pay damages to the Plaintiff for the continuing trespass by refusing to remove their property from the real estate owned by the Plaintiff in an amount equal to their gross revenues for said coin operated machines.

D. The costs of this action and all other necessary and proper relief in the premises.

Dated: April 27, 2008

_____
Dan J. May, Attorney for the Plaintiff

Dan J. May
Attorney at Law
431 E. Lincoln Rd.
P.O. Box 2432
Kokomo, IN 46904
Tel:(765)455-0005
Fax:(765)455-0006
Indiana Bar # 9102-34

5